**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62193-CIV-DAMIAN/Shaw-Wilder**

**SATIDT KAEOTHONGKHAM,** *et al.*,

Plaintiffs,
v.

**ATLANTIC SUSHI, INC.,** *et al.*,

Defendants.
____________________________________/

**ORDER DENYING MOTION TO DISMISS COMPLAINT [ECF NO. 12]**

**THIS CAUSE** is before the Court on Defendants, Atlantic Sushi, Inc., Souvanna Phouthavong, and Lane H. Inthapanya's (collectively, the "Defendants"), Motion to Dismiss Plaintiffs' Complaint, filed October 1, 2026. [ECF No. 12 ("Motion")].

THE COURT has considered the Motion, the Response [ECF No. 13] and Reply [ECF No. 14] thereto, the pertinent portions of the record, and relevant authorities and is otherwise fully advised. For the reasons that follow, the Motion is due to be denied.

## I. RELEVANT BACKGROUND

As alleged in the Complaint,[1] Plaintiffs, Satidt Kaeothongkham, Varaporn Kaeothongkham, Sunisa Kaeothongkham, and Siriluk Arunsiri (collectively, "Plaintiffs"), worked for the Defendants' sushi restaurant, two as servers and two as cooks, and were neither paid the minimum wage nor overtime wages for all the time they worked. *See generally* ECF No. 1 ("Complaint").

---

[1] This Court accepts the well-pleaded facts in the Complaint as true for purposes of considering the Motion to Dismiss. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

On August 9, 2026, Plaintiffs filed the Complaint asserting one claim for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. *See* Compl. ¶¶ 33–35. Plaintiffs allege Atlantic Sushi is an enterprise engaged in commerce or the production of goods for commerce and that, upon information and belief, Atlantic Sushi's gross sales or business generated exceed $500,000 annually. *Id.* ¶¶ 4–6. Plaintiffs further allege Atlantic Sushi, along with three non-parties, Sushi Yama PGA, Inc., Sushi Yama Boynton, Inc., and Sushi Yama, Inc., are a single enterprise under the FLSA, performing related activities through unified operation and common control for a common business purpose, that they each had employees handling or working on goods or materials that were moved in or produced for commerce, and that they have combined annual gross sales or business exceeding $500,000. *Id.* ¶ 9. Plaintiffs further allege the Individual Defendants, Phouthavong and Inthapanya, are FLSA employers as owners/managers of Atlantic Sushi who ran the day-to-day operations at the restaurant and exercised operational control. *Id.* ¶¶ 7–8.

Defendants filed the Motion now before this Court on October 1, 2026. In the Motion, Defendants argue the Complaint fails to state a claim under the FLSA because Plaintiffs fail to sufficiently allege enterprise coverage. *See generally* Mot.; Reply at 1 ("Defendants challenge a single element of the lone FLSA claim – enterprise coverage – and specifically its requirement that the enterprise have 'an annual gross volume of sales made or business done' of 'not less than $500,000.'" (citing 29 U.S.C. § 203(s)(1)(A)(ii)). Defendants argue that Plaintiffs do not plausibly allege that Atlantic Sushi satisfies the $500,000 threshold on its own. Mot. at 1–2. They further contend that Plaintiffs premise their enterprise coverage allegation "upon information and belief" without any supporting fact. *Id.* at 5. Defendants also argue that Plaintiffs' allegation that Atlantic Sushi and the three Sushi Yama entities

constitute a single enterprise whose revenues may be aggregated are formulaic and fail to establish the $500,000 threshold. *Id.*

In the Response, Plaintiffs argue that they have sufficiently alleged enterprise coverage under the FLSA through Atlantic Sushi's own gross sales and engagement in interstate commerce. *See generally* Resp. Plaintiffs point to cases from this District, including from this Court, in which similar allegations as those asserted in Plaintiffs' Complaint were found sufficient to allege enterprise coverage under the FLSA. *See* Resp. at 6–7. In their Reply, Defendants fail to address the overwhelming authority cited by Plaintiffs. *See generally* Reply.

The Motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint that does not satisfy the applicable pleading requirements for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)). The Court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, pleadings that "are no more than conclusions[ ] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Dismissal pursuant to a Rule 12(b)(6) motion is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Shands Teaching Hosp.*

*& Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (internal quotation marks omitted) (quoting *Hishon*, 467 U.S. at 73).

Federal Rule of Civil Procedure 8(a)(2) also requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

## III. DISCUSSION

### *A. The Fair Labor Standards Act.*

Congress originally enacted the FLSA in 1938 to correct and eliminate in the existence of interstate and international commerce "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA requires employers to pay their employees "an overtime wage of one and one-half times [their] regular rate for all hours [they] work[ ] in excess of forty hours per week." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing 29 U.S.C. § 207(a)); *see also Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314 (11th Cir. 2007) (citing 29 U.S.C. § 207(a)(1)) ("Under the FLSA, an employer may not employ his employee for a workweek longer than forty hours unless his employee receives overtime compensation at a rate not less than one and a half times his regular rate."). The FLSA also requires employers to pay their employees a minimum wage. 29 U.S.C. § 206(a). Both the minimum wage and overtime provisions to the FLSA require the employee to prove that he or she was either (1) "engaged in commerce or in the production of goods for commerce" (individual coverage) or (2) "employed in an enterprise engaged in

commerce or in the production of goods for commerce" (enterprise coverage). *See* 29 U.S.C. §§ 206(a), 207(a)(1).

"[T]he requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). "In order to establish a claim for unpaid wages under the FLSA, a plaintiff must show (1) that an employment relationship existed with the Defendant, (2) that the parties are covered by the FLSA, and (3) that some work was performed for which the plaintiff was not properly compensated, providing the amount of such liability at least by a just and reasonable inference." *Pastrana v. Level Up Fitness, LLC*, No. 21-cv-21985, 2021 WL 5631776, at *3 (S.D. Fla. Dec. 1, 2021) (Bloom, J.) (citing *Michaud v. US Steakhouse Bar and Grill, Inc.*, No. 6:04-cv-1371, 2007 WL 2572197, at *3-4 (M.D. Fla. Sept. 5, 2007)).

***B. Enterprise Coverage.***

As noted above, in the Motion, Defendants only challenge Plaintiffs' allegations regarding enterprise coverage. To state a claim under the FLSA, Plaintiffs must allege either that Defendants are subject to enterprise coverage or that Plaintiffs are subject to individual coverage under the FLSA to establish their entitlement to FLSA relief. *See Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006) ("Under [the] FLSA, an employer is required to pay overtime compensation if the employee can establish enterprise coverage or individual coverage." (footnote omitted)); *Ferrer v. Atlas Piles, LLC*, 586 F. Supp. 3d 1286, 1297 (S.D. Fla. 2022) (Lenard, J.) ("However, as a precondition to imposing liability against an employer, the plaintiff must establish individual coverage or enterprise coverage.").

As alleged in the Complaint, Plaintiffs are proceeding under the theory that Atlantic Sushi is an "enterprise" under the FLSA. *See* Compl. ¶ 6.

To show enterprise coverage, Plaintiffs must allege that Defendants (1) "ha[ve] employees engaged in commerce or in the production of goods for commerce" or "ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) have an "annual gross volume of sales . . . not less than $500,000[.]" 29 U.S.C. §§ 203(s)(1)(A)(i), (ii). "Goods" include "goods, . . . wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." *Id.* § 203(i).

As Judge Lenard explained in *Ferrer*, "To state a claim for enterprise coverage, the $500,000 threshold need only be generally alleged . . . and is satisfied if joint employers' gross annual sales exceed $500,000 in the aggregate[.]" *Ferrer*, 586 F. Supp. 3d at 1299 (internal citations and footnotes omitted); *see also Vignoli v. Clifton Apts., Inc.*, 930 F. Supp. 2d 1342, 1345 (S.D. Fla. 2013) (King, J.) ("To satisfy the annual business revenue requirement, it is enough to simply allege annual business revenue of more than $500,000."); *Johnson v. Caps Plantation LLC*, No. 25-60557-CIV, 2026 WL 2594989, at *3 (S.D. Fla. Mar. 23, 2026) (Damian, J.) (same).

Defendants argue that Plaintiffs' allegation "upon information and belief" that Atlantic Sushi alone satisfies the $500,000 threshold is conclusory and fails to adequately allege enterprise coverage. *See* Mot. at 5. This Court disagrees. Consistent with the authority cited in Plaintiffs' Response and above, the pleading requirement for enterprise coverage is

not high. Here, Plaintiffs' allegation that Atlantic Sushi's gross annual revenue exceeds $500,000, *see* Compl. ¶ 4, is sufficient to satisfy the revenue pleading requirement. *See Ferrer*, 586 F. Supp. 3d at 1299. Thus, this Court finds that the Complaint sufficiently alleges the $500,000 threshold to establish enterprise coverage under the FLSA. As noted above, Plaintiffs also allege that Atlantic Sushi is an enterprise engaged in commerce or the production of goods for commerce. Compl. ¶¶ 5–6. Thus, accepting Plaintiffs' well pleaded facts as true and construing the Complaint in the light most favorable to Plaintiffs, the Complaint sufficiently establishes enterprise coverage under the FLSA.

Defendants also argue that Plaintiffs' enterprise coverage allegations are inadequate because Plaintiffs' only basis for the $500,000 threshold is their assertion that Atlantic Sushi and the three non-party Sushi Yama entities form a single enterprise whose revenues may be aggregated. Mot. at 4. As discussed above, this Court has already determined that Plaintiffs have adequately alleged enterprise coverage based on Atlantic Sushi's own gross revenue, and, therefore, this Court need not address Defendants' arguments with respect to Plaintiffs' alternative basis for coverage under a single-enterprise theory.

This Court also rejects Defendants' request for more particular allegations as to the $500,000 gross annual revenue requirement for enterprise coverage. In the Motion, Defendants contend that Plaintiffs' allegation on "information and belief" that Atlantic Sushi has gross revenues exceeding $500,000 annually, "unaccompanied by any facts concerning the nature or volume of Atlantic Sushi's business," warrants dismissal. Mot. at 5. As other courts in this Circuit have found, Plaintiffs "need not know for certain, nor prove, that [Atlantic Sushi] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not [Plaintiffs]." *Ceant v.*

*Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) (Scola, J.); *see also Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *2 (M.D. Fla. Mar. 24, 2008) ("bare bones allegations" of gross sales are acceptable; requiring more would only encourage "gross speculation" from the plaintiff and would "not provide the defendant with meaningful information because the defendant already has [ ] such information") (citation omitted).

Here, Plaintiffs allege that Atlantic Sushi's gross annual revenues meet this threshold on "information and belief," and that is enough for now. Compl. ¶ 4. *See Dobbins v. Scriptfleet, Inc.*, 2012 WL 601145, at *2 (M.D. Fla. Feb. 23, 2012) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); *Roberts v. Caballero & Castellanos, PL*, No. 09-231231-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (Moore, J.) (allegation that plaintiff "was of the belief that [defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal). If the allegation is false, Defendants may use the information in their possession to obtain early summary judgment on this issue. *See Roberts*, 2010 WL 114001, at *3 ("These issues, especially the extent of [defendant's] gross sales, are issues more appropriately determined at the summary judgment stage.").

The burden to state a claim under the enterprise coverage provisions of the FLSA is not an onerous one, and Plaintiffs' allegations in the Complaint are sufficient to satisfy that burden at this stage. *See Johnson*, 2026 WL 2594989, at 4 (citing *Sims v. Unation, LLC*, 292 F. Supp. 3d 1286, 1293 (M.D. Fla. 2018); *Ceant*, 874 F. Supp. 2d at 1378 (S.D. Fla. 2012) (Scola, J.) ("[T]o properly allege individual or enterprise coverage, [the plaintiff] need not do

much.”)). Therefore, this Court is satisfied that Plaintiffs have sufficiently alleged enterprise coverage to withstand dismissal.

## IV. CONCLUSION

For the reasons set forth above, this Court finds that the Complaint sufficiently states claims under the FLSA, and the Motion is due to be denied. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion [**ECF No. 12**] is **DENIED**. Defendants shall file an Answer **within fourteen (14) days** of the date of this Order.

**DONE AND ORDERED** in the Southern District of Florida, this 9th day of November, 2026.



**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record